## H. H. HAND v. JOHN EIBECK.

**Vendor and Purchaser—Deficit—Mutual—Mistake—Sale in Gross.**

> As the land sold, in gross, for 25 acres only contains fourteen
> acres by actual survey, the deficit is so great as to strike the mind
> of the chancellor, at once, that both parties were laboring under a
> mistake as to the number of acres contained in the tract.

APPEAL FROM PENDLETON CIRCUIT COURT.

September 20, 1871.

OPINION BY JUDGE PRYOR:

The appellant on the 13th day of February, 1869, sold to the
appellee a tract of land in Pendleton county for the sum of five
hundred dollars, two hundred of which sum he paid in hand, and
executed his two promisory notes for the balance, payable
in the years 1869 and 1870. A bond for title was executed to
appellee expressing the consideration already made, giving the
boundaries of the land and including this clause: "said tract con-
taining twenty-five acres, more or less." The appellant instituted
his suit in equity to enforce the contract and subject the land to
the payment of the purchase money. The appellee answered
and resisted any judgment against him except for a small sum
for the reason as he alleges that he bought the land by the acre,
and that the appellant fraudulently represented the tract as con-
taining twenty-five acres, when it only contained fourteen acres.
Much testimony has been taken on both sides in regard to the
contract, but the writing itself must be regarded as the best evi-

dence of the agreement of the parties  The writing shows that it was a sale in gross, still the appellee was entitled to relief if the deficit was so great as to authorize the court to say that it was the result of either fraud or mistake.  The land sold by actual survey made, contains about fourteen acres, a deficit of nearly one-half of the quantity supposed to be in the tract.  The land was worth at the time fifteen or twenty dollars per acre and the appellee semes to have agreed to pay every dollar it was worth.  The deficit is so great as to strike the mind of the chancellor at once that both parties were laboring under  amistake as to the number of acres in the tract when the same was executed. The case in 2 Bibb of *Young vs. Craig,* 270, is in aid of the judgment rendered here.  Therein a sale of land estimated at 425 acres, this court refused to grant relief when it held out 481 acres, but if the surplus had been as great as one-third or one-fourth the judgment would have been different.  We are not disposed to disturb the judgment of the court below.  That judgment is affirmed.

*Lee, for appellant.*
*Ireland, for appellee.*